U.S. DISTRICT COURT E.D.N.Y.
★ SEP 16 2010 ★
BROOKLYN OFFICE
DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————X

ROBERT BANUSHI,

          Plaintiff,

-against-

LAW OFFICES OF SCOTT W. EPSTEIN;
SCOTT EPSTEIN,

          Defendants.
———————————————————X

**MEMORANDUM AND ORDER**
10-CV-04068 (KAM)(LB)

**MATSUMOTO, United States District Judge:**

*Pro se* plaintiff Robert Banushi filed this action pursuant to the court's federal question jurisdiction, 28 U.S.C. § 1331, alleging various state law claims against defendant attorney and his law firm arising from a legal fee dispute. Plaintiff seeks damages of five million dollars. The Court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this order, but dismisses the action for the reason stated below.

**Standard of Review**

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes the *pro se* plaintiff's pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Further, "subject-matter jurisdiction, because it involves the court's power to hear a case,

1

can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). The subject-matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or when there is "diversity of citizenship"and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Id., see also Fed. R. Civ. P. 12(h)(3).

## Discussion

Plaintiff avers that this court has federal question jurisdiction. (Complaint at ¶ II.) However, even granting the complaint the liberal construction allowed *pro se* plaintiffs, it does not present a federal question. The only matter raised is defendant and defendant's law firm's performance and fees owed during the prosecution of a personal injury claim and subsequent efforts to recover his fees in New York state court. These are state law matters which do not raise a federal question. Because subject-matter jurisdiction can never be waived, United States v. Cotton, 535 U.S. at 630, and because plaintiff's submissions fail to provide a basis for this Court's subject matter jurisdiction, the action must be, and hereby is, dismissed. Fed. R. Civ. P. 12(h)(3).

**Conclusion**

Accordingly, plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. at 514. The Court certifies pursuant to 28 U.S.C. § 1915 (a) (3) that any appeal from this order would not be taken in good faith. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Kiyo A. Matsumoto
United States District Judge

Dated: Brooklyn, New York
September 16, 2010